The next case today is Ryan Daly et al. v. Autofair, Inc. et al. Appeal number 21-1797. Attorney Richardson, please introduce yourself for the record and proceed with your argument. Attorney Robert Richardson on behalf of Appellants Ryan Daly et al. May it please the court, we're here on an appeal of the District Court's denial of motion for preliminary injunction. Mr. Richardson, let me ask you first about some recent developments. Your motion for preliminary injunction sought to enjoin the plaintiffs from pursuing superior court approval of the class settled. That approval has now occurred. To that extent, why isn't the appeal from the motion from the denial of the motion for preliminary injunction moot? Well, Your Honor, first I would note that we have filed a notice of appeal in that case. We're waiting for the... No, no, I understand you filed an appeal, but what is there to be enjoined at this point? The act has already occurred. The irreparable harm that's alleged in the motion was, you said, to result from the superior court's approval of the settlement. So I don't understand what there's left to enjoin preliminarily. I understand your concern with this appeal, which relates to the motion for preliminary injunction. I understand that and you're speaking specifically to count three, which is... No, I'm not speaking of any count. I'm speaking of the motion for preliminary injunction. The motion asks for two forms of relief. One was to enjoin the superior court approval. That's already happened. The second was to compel arbitration. We can talk about that in a minute, but I'd first like to get your views on why isn't the appeal from the denial of the motion to enjoin, preliminarily enjoin, pursuit of superior court approval now moot? Well, and I appreciate that question, Your Honor, and I would simply suggest that that issue, although I understand its relevancy, has not been briefed and if the court would require... I know that, but mootness is jurisdictional. Do you have any response at all? Well, again, I would suggest that we filed an appeal. We're appealing the decision and we have other counts in the First Amendment verified. But you're not appealing the dismissal of the complaint. The complaint hasn't been dismissed. You're appealing only the denial of the motion for preliminary injunction. Right, and part and parcel of that motion is an argument that Mass Rural Civil Procedure 23 is preempted by... No, that's not part of the preliminary injunction motion. A preliminary injunction has to enjoin something. You requested that we, that the district court enjoin two things. One was superior court approval, which has already happened. So, isn't that portion of your motion now moot? Again, I would suggest, I would request an opportunity to brief that more fully. That's not an issue that's presented here today. Again, I understand the relevancy of your point, but if that's something the court is looking to rule on, then I would suggest that there be supplemental briefing on that issue to have it fully heard and briefed. That's fair. I understand the concern, absolutely. That's fair. The second part of your motion is the preliminary injunction was to compel arbitration, but as I understand it, arbitration has already been commenced. Yes, and I would suggest if you look at section 4 of the FAA, there is nothing that limits the ability of a petitioner to go into court, petition the court for an order compelling arbitration just at the beginning of the process. Oh, yeah, but arbitration here has already been commenced. We can't compel something that's already happened. Well, you can compel more than to compel arbitration. Well, when the petitioner, when the appellees refuse to arbitrate, section 4 specifically contemplates going into court, filing the petition, and then asking the court to compel arbitration pursuant to section 4. And that's what we're asking. I don't understand that the arbitrators, the four individual arbitrators, had each stayed their arbitration proceedings. Sure, so the arbitrators aren't parties to this case, so what kind of order can we issue that would change the posture of the arbitration proceedings, which are pending but stayed? Sure, so again, under section 4, if there's a valid enforceable arbitration agreement, when an aggrieved party, here appellants, are aggrieved due to the other party's failure, neglect, or refusal. And again, I think we cite several cases that discuss what refusal is. But we're not talking about the other party's failure. We're talking about stays that have been ordered by the arbitrators. Yeah, so there's two parts to this. There's the filing the motion to stay and getting the stay. Then there's also going into the state court and requesting our claims be resolved in that state court matter. That is wholly inconsistent with proceeding to arbitration. So just so I can suggest that that's what, and under the case we cited in our brief, that's the refusal. It's the going into state court and trying to settle our case. Suppose the appeal of the entry of the settlement order in state court has run and you've lost on it. Your state court appeal of that ruling has lost. You have a motion to compel arbitration with respect to the claims that are settled in the settlement agreement, correct? Correct. So with respect to the motion to compel arbitration, what is the remedy you're seeking with respect to that motion to compel arbitration? And how would it affect a final state court entry of judgment on the settlement in your view? So I think there's a couple ways to look at this, Your Honor. First off, there's a pending appeal and the court issues a motion to compel arbitration I don't think there's any reason arbitration should not proceed. And in fact, there were two other arbitrations that preceded the final awards. So what I'm trying to say is what happens, what is your view of what the effect of us entering a motion to compel arbitration is when there has been entered a state court judgment on the claims that you want to have Maybe supplemental brief this issue, but I would suggest preliminarily. No, no, no, there's no supplemental briefing on this. This is not, I'm not asking about whether it's moot in moving to enjoin entry of the settlement. I'm asking about what your understanding of our authority and what remedy you would have on your motion to compel arbitration. No one is suggesting is moot. How does it operate? These are the claims that the court would settle in the judgment, settling it. Well, I think up until we were unsuccessful on appeal that a motion to compel arbitration would be a valid order of this court and that the parties would be compelled to arbitrate. Okay, but I'm not post appeal. Are you saying that it's over? You can't do anything about it, correct? Again, without researching this issue, I would generally say yes, I would agree with that. You're not arguing to us that that motion to arbitration could open up a final state court judgment. I don't know. Are you arguing that the motion to compel arbitration could preclude the defendants from executing the state court judgment in state court? That's, I think that's one way of looking at it. Yes. Did you argue? Is that what you were asking for? It's asking for an order compelling the parties for the arbitration agreement to continue in arbitration. Yeah, but you've conceded that you're not asking for that once there's a final state court judgment against you. So are you asking for it even still then as to the execution of the judgment? I'm just trying to figure out what it is you're actually talking about. Sure, I would say up until there's a final denial of the appeal, that if the court here issues an order to compel arbitration, that the parties would have to proceed in arbitration. Okay, so the simple point on that is that you want for the state court proceedings with respect to that settlement that's not finally adjudicated in state court, that essentially the proceedings in state court would stop on it and it would just at that point all be arbitrated. And if the arbitration, and at that point what do we do with the state court order? We order it dismissed or vacated or what? And what happens? We don't care about that. It just moves over to arbitration at that point. Well, I would suggest it would go to arbitration and that we would proceed to arbitration according to the terms of the arbitration agreement, which is what section four of the FAA mandates. If there's a valid enforceable arbitration agreement. That's time. Do you have any authority that would help us about when you move to compel arbitration in midstream like that once the state court judgment's already been entered? How the Federal Arbitration Act then works with respect to a motion to compel arbitration? Well, again, I would posit that we're kind of in unique territory here. I don't think this happens when a party moves to compel arbitration under the facts here. But again, I think the important part here is looking at the FAA and what the FAA contemplates under section four. And that's if there's a valid enforceable arbitration agreement. Well, why wouldn't it be reasonable for us just to stay our hand and let your appeal play out? And then if you lose on it, you're conceding that your motion to compel arbitration goes away. Why should we do anything on it until we see what happens in the state court appeal? Because I don't think under section four of the FAA, the court has discretion to do that, quite frankly, your honor. I think the court is supposed to proceed under section four to a hearing. And if it finds that there's a valid arbitration agreement, the court shall compel arbitration. There's no discretion. Even when the claims have already been adjudicated in state court? Well, again, we brought the arbitration and we brought this before. And I understand that. And I understand that it complicates this matter. But under section four of the FAA, the court only has one. The court has no discretion. The court must compel arbitration if there's a valid arbitration agreement. And here we submit that there is. But you have to, this is a motion for the opposition, and you have an arbitration agreement, which on a first reading, seems to make the Massachusetts Arbitration Act, not the FAA, controlling. So I'm struggling with the notion of how we could have a likelihood of success on this rather clean. Well, that's true on the preliminary injunction point. With respect to your motion to compel arbitration, I take your argument is you don't have to show just the likelihood of success. You just have a motion to compel arbitration. No, but this is not a motion. This was all part of a preliminary injunction motion. You didn't ask the district court for an order to compel arbitration. You asked them for a preliminary injunction to compel arbitration. Right, to stay the state court proceedings and also to compel arbitration. And I would suggest I just not quite fine. Did you bring a separate motion to compel arbitration of the FAA? I believe it's part and parcel of the motion for preliminary injunction. There's only a single motion here. It's a motion for preliminary injunction. I have it in front of me. Well, I just don't fully understand what a motion for preliminary injunction to compel arbitration is that's distinct from a motion to compel arbitration. Yeah. Yeah. Well, and again, I would suggest under Section 4 of the FAA, we are likely to succeed on the merits of the claim because there's a valid enforceable arbitration agreement. We would suggest that the FAA does apply and that the court has no discretion under Section 4 but to compel arbitration. And that's part of the preliminary injunction. It was also the state of state court action. But I understand, again, the complication of the state court approving the final settlement. But I would suggest that part of the analysis is still the motion to compel arbitration. Counselor, let me ask you just one question. On what ground exactly, I was reviewing the briefs, on what ground exactly do you base your complaint, jurisdiction for your complaint in federal court? Sure. So, and it's pretty straightforward analysis under the complaint. The first count of the complaint is a, seeks a declaratory judgment that Mass Rural Civil Procedure 23, which does not contain an opt-out provision, is preempted by the FAA pursuant to the Supremacy Clause of the United States Constitution. To the extent that is here, the state court and appellees use Mass Rural Civil Procedure to settle the arbitral claims in violation of the express terms of the arbitration agreement. So under a federal question jurisdiction, and we cite a case out of California, the Eastern District Chapman, and several other cases that stand for the proposition that federal question jurisdiction is proper under 1331 under those circumstances. So then pursuant to 1367, we have supplemental jurisdiction over counts two and three. In counts two, count two is the count seeking a motion to account three, which is the anti-injunction act. Essentially, we request that the court exercise its equity jurisdiction and stay the state court action pursuant to the opportunity, which is the native jurisdiction. It would seem to me that assuming that there is federal jurisdiction, that basically you're trying to piggyback the bulk of the claims are piggybacking on that federal jurisdiction claim. Am I correct? Yeah, I think that's fair to say. And I think that that's contemplated by the case law we cite, and that's perfectly okay. And again, but it's a separate count that there's a declaratory. We seek a declaratory judgment that the Rural Civil Procedure is preempted by the FAA pursuant to the Supremacy Clause. My last question, those cases you cite are district cases. You have no circuit authorities as far as I can see, correct? That stands for the proposition. There's a case cited in the Chapman case, which is the California case. I think they cite to both the First Circuit case and a Supreme Court case in a parenthetical for the same proposition. I'm not fully understanding. Is there a motion to compel arbitration before us in your view? There's not a separate motion to compel arbitration. It's part of our demand. It's part of our petition, and it's part of the relief sought pursuant to the preliminary injunction. So we're seeking both to compel arbitration and to stay in the State Court proceedings. But again, we go back to Section 4 of the FAA. And again, and one other point I want to bring up quickly is the applicability of the FAA. One, we point out that appellees here argued in a motion to compel arbitration that they served on the plaintiffs in the State Court matter that the FAA does apply here, and they argued recidivist at that point. And now, they're trying to see that the MAA applies, not the FAA. We suggest that under case law, we were unable to find any case where an arbitration agreement invoked the federal act in place and that the FAA doesn't apply. There must be an unambiguous intent to displace the federal standard. And when the arbitration agreement invokes the federal standard twice, it's hard to come to a conclusion that the FAA doesn't apply. And again, we find all the cases where there's a combination of the federal act that makes the arbitration act, the preference is to, or the conclusion ends up being to apply the federal act. Because again, there's been unambiguous intent to displace the FAA. I guess that, just so I, if you're not bringing a motion to compel arbitration, what do you want to have happen? So we requested the court grant our preliminary injunction, stay in the State Court action. If the injunction is against the State Court judgment being entered, let's imagine for a moment, I know you're going to, you want supplemental briefing on it. If I say that's moved, what do you then want to have happen? As part of that preliminary injunction, we sought a motion to compel, we're seeking the court to compel arbitration pursuant to- But that's why I don't, I mean, then you are bringing a section four motion to compel arbitration claim. And if you're not, I don't really understand what's happening in the case. There's not a separate motion, that's what I think your honor was pointing out, that there's not a separate motion filed as part of the preliminary injunction request. What did the district court treat it as? The district court- The district court did not discuss, that's the thing about the district court order. It simply jumped right to the Anti-Injunction Act analysis and said the court essentially does not have jurisdiction to hear it and therefore the AIA applies. So there was no analysis whatsoever count two under the FAA. And to the extent that the court may have punted the issue to the arbitrators, we would say that the court got that wrong. Because again, under section four, when a party refuses to arbitrate an agreement, which is what appellees did here when they brought the motion to stay, and also when they went to state court to settle our claims in the state court and not in arbitration, that that's a refusal under the case law. And that if that's the case, the court should have had a hearing and should have, upon finding of a valid arbitration agreement, they should have compelled arbitration. There's no analysis whatsoever in the lower court order. Thank you. Attorney Richardson, at this time, if you could please mute your audio and video. And Attorney Hoffman, if you could unmute your audio and video. And introduce yourself on the record to begin. Good afternoon. This is Douglas Hoffman representing the appellees. Please go ahead. Oh, certainly. At the outset, Judge Selya, the first point I was going to make is that because the final approval has already been granted by the Superior Court for the class action settlement. I would also note that the appellants filed a motion with this court to expedite the briefing in this case, because they were concerned that if the final approval hearing happened and the settlement was approved, their claims would be eviscerated. So they've already conceded that that's what would happen if the final approval was granted even by the Superior Court. So I would certainly agree that the appeal is moot. And it was only a motion for preliminary injunction that was being appealed. And that's how the district court treated it. It was a motion for preliminary injunction. What do you mean by that? When you say motion for preliminary injunction, that it was a motion for preliminary injunction limited to preventing entry of the final order? What they asked was that the district court enjoin all the settlement proceedings in the state court action, including final approval of the class settlement. And they also wanted to have their claims sent back to arbitration and to be allowed to complete their arbitration. But is your understanding of the preliminary injunction that the second half of that is fairly construed as conditioned on the first being a possible remedy? Yes. Okay. So then your thought is really all we have is a conditional request for arbitration being compelled in the sense that it's dependent on them having a viable motion for preliminary injunction to prevent entry of the judgment. If you can't satisfy that, then you should just treat the rest of it as not really. Right. And Judge Stearns decided that they had not shown a likelihood of success on the merits for all the reasons he mentioned, the Anti-Injunction Act and also... But I'm saying if I'm following you now, your position is since the way the motion for preliminary injunction is fairly construed is that any request with respect to compelling arbitration is dependent on the order not being entered. If that part of the request is moot, the request to not enter the order, then the whole motion for preliminary injunction is moot. Yes. And you never get to the merits of the second half of it. Right. Right. It's all dependent on the injunction. It was a motion for the injunction. I think another point that's worth making here that hasn't really been hit on is they were also essentially asking the district court to overrule the arbitrators. The arbitrators not only stayed those proceedings, if you read their decisions, they found after reviewing these arbitration agreements that, yes, these claims could be settled as part of that class action settlement. And if the settlement is approved, not only are the claims gone, but the right to arbitrate is settled as well. And many courts have found that that's exactly the case since arbitration it's a matter of contract. And as the courts we've cited have found, like any other contract, an agreement to arbitrate can be superseded by a different contract, which in this case would be a class action settlement agreement, even a class settlement agreement they don't like. By the way, these appellants can still recover as part of the class action settlement in Superior Court. They haven't filed a claim yet, but we've told them you're still welcome to file a claim if I believe the conversation with Attorney Richardson covered most of what I was going to say. The only other thing I'll point out is I think it's pretty clear the Federal Arbitration Act, by the plain language of the agreements, doesn't apply to these agreements. If you look at Section 11, the governing law provision, I don't know how you could read that. It's ambiguous. It says the Massachusetts Arbitration Act shall govern the interpretation, enforcement, and proceedings. And the FAA would only apply to the extent the MAA is not applicable. And Section 10 also says the decision of the arbitrator is subject to limited review under the Massachusetts General Laws, Chapter 251, which is the Massachusetts Arbitration Act. Now, appellants pointed to a motion to compel arbitration that was served in the Superior Court in the Chetwick's case. That motion was never filed in court. It was served pursuant to Rule 9A in the Superior Court. And we served it, but it withdrew it after an opposing counsel pointed out the choice of law language, and we then determined it was likely enforceable. And several months after that, one of the arbitrators found that the FAA did not apply to the agreement. That was part of her ruling on the motion to stay. So we've already got one of the arbitrators. Oh, thank you. We already have one of the arbitrators interpreting the agreement to apply the Massachusetts Arbitration Act. And respectfully, I don't believe the district court or this court has the authority to overrule an arbitrator's interpretation of the arbitration agreements. And then last, I don't know that it's been highlighted enough, these arbitration agreements delegated the issue of arbitrability to the arbitrators. So it was really the arbitrator's decision as to whether arbitration could continue or whether the claim could be settled as part of the question itself. Unless you have any questions, that concludes my remarks. Judge Barron, if it is satisfactory to you and Judge Gelpi in accordance with Mr. Richardson's request, why don't we give counsel on both sides, say, 10 days to file supplemental briefing address to mootness not to exceed 10 pages per side? Yeah, we'll have an order issued right after argument to that effect. No problem. That concludes arguments for today. The session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the meeting.